**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**REBEKAH LOCKHART, on behalf of herself and all others similarly situated, et al.,**

***Plaintiffs,***

**v.**

**Case No. 5:23-CV-1156-JKP-ESC**

**EL CENTRO DEL BARRIO, d/b/a Centromed,**

**(Consolidated with Case Nos. 5:23-CV-1200-JKP-ESC and 5:23-CV-1463-JKP-ESC)**

***Defendant.***

**ORDER TO SHOW CAUSE**

Plaintiffs commenced three separate class actions against El Centro Del Barrio, each arising from the same data breach. In consolidating the three actions, the Magistrate Judge recognized:

> Two of the cases (5-23-CV-01156-JKP-ESC and 5-23-CV-01200-JKP-ESC) were originally filed in federal court as Rule 23 class actions under the jurisdictional provision of the Class Action Fairness Act [("CAFA")], 28 U.S.C. § 1332(d)(2). The third case (5-23-CV-01463-JKP-ESC) was filed in state court and removed to federal court based on Defendant's contention that Defendant should be deemed to be a federal employee under the Public Health Service Act, 42 U.S.C. § 233(l)(2), and the general federal officer removal statute, 28 U.S.C. § 1442(a).

*See* ECF No. 19. At a conference before the Magistrate Judge, the parties agreed that the Court should consolidate the three cases. *Id*. at 2-3. A non-party—the United States—also appeared at the conference "to address its decision not to intervene and substitute itself as Defendant in any of the three cases under 42 U.S.C. § 233 and to address its position that removal of the 5-23-CV-01463-JKP-ESC case was improper." *Id*. at 2. The United States took no position as to consolidation "other than to reiterate its position that Defendant's removal of 5-23-CV-01463-JKP-ESC was defective and this Court therefore lacks jurisdiction over the third case." *Id*. at 3.

After hearing all positions taken at the hearing and reviewing the record, the Magistrate

Judge consolidated the three cases and ordered "Defendant to file an amended notice of removal addressing subject matter jurisdiction in 5-23-CV-01463-JKP-ESC." *Id*. The United States took no "position on whether Defendant could cure the defect in removal by filing an amended notice of removal asserting some other basis for federal subject matter jurisdiction." *Id*. To invoke CAFA as an additional basis for removal, Defendant thereafter filed such an amended notice.

On April 15, 2024, Defendant moved to substitute the United States as the only proper defendant for this consolidated action. *See* ECF No. 31. On May 3, 2024, the Court stayed the case pending resolution of the motion to substitute. Plaintiffs and the United States both oppose substitution. *See* ECF Nos. 40-41. As one basis for denying substitution, the United States argues that, because there is no evidence that Plaintiffs have exhausted administrative remedies under 28 U.S.C. § 2675, Plaintiffs have not shown that the Court would have subject matter jurisdiction over the United States. ECF No. 41 at 1-2. The United States further argues that Defendant's "requested relief is both untethered from any applicable statute or rule and also fraught with jurisdictional defects." *Id*. at 11. Notably, the United States had raised jurisdictional concerns in a Notice (ECF No. 8 in Case No. 5:23-CV-1463-JKP-ESC) prior to that case being transferred to the undersigned. Defendant has filed a reply in support of its motion for substitution. *See* ECF No. 42.

Given the matters raised in the foregoing filings, the Court revisits the issue of jurisdiction over this consolidated action. Each case of the consolidated action invokes jurisdiction under CAFA which requires the putative class action have (1) minimal diversity, i.e., at least one member who is a citizen of a state different from any defendant; (2) at least 100 putative class members; and (3) an amount in controversy that exceeds $5,000,000 exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (d)(5)(B). As discussed at the hearing before the Magistrate Judge, the parties estimate a class comprising 350,000 current and former patients and employees. Given that class size, the Court has no concern regarding satisfaction of the CAFA criteria.

Unsurprisingly, however, CAFA contains potentially relevant exceptions. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 570 (5th Cir. 2011). "CAFA requires federal courts to decline jurisdiction over a proposed class action if either of the following narrow exceptions is proven by a preponderance of the evidence: (1) the local controversy exception, 28 U.S.C. § 1332(d)(4)(A); or (2) the home state exception, 28 U.S.C. § 1332(d)(4)(B)." *Id*. These "mandatory abstention provisions are 'designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state.'" *Id*. (quoting *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 682 (7th Cir. 2006)). There is also a discretionary "home state" exception in 28 U.S.C. § 1332(d)(3).

Multiple courts have recognized the authority to decline jurisdiction under § 1332(d)(3) and (4) sua sponte. *See Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1220 (9th Cir. 2020); *Suero v. NFL*, No. 22-CV-31 (AKH) (BCM), 2022 WL 17985657, at *5 n.7 (S.D.N.Y. Dec. 16, 2022); *Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1103, 1108 (D. Or. 2012). Because the exceptions are abstention in nature, *see Hollinger*, 654 F.3d at 570, sua sponte consideration is warranted, *see Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir. 1999) (citing *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976); *BT Inv. Managers, Inc. v. Lewis*, 559 F.2d 950, 954 n.16 (5th Cir. 1977)).

Under the circumstances of this case, the home state exception may require declination of jurisdiction under CAFA. The mandatory exception requires district courts to "decline to exercise jurisdiction under [§ 1332(d)(2) when] two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). The discretionary exception differs in that home state membership is reduced to between one-third and two-thirds of the class members but also

requires the district courts to consider six factors before declining to exercise jurisdiction. *See* 28 U.S.C. § 1332(d)(3).

From the Consolidated Class Action Complaint (ECF No. 21) filed after consolidation, the only defendant and all named plaintiffs are citizens of Texas. *See* ECF No. 21 ¶¶ 17-41. To avoid the mandatory home state exception given the 350,000 member-estimate, the class must include approximately 115,000 members who are not citizens of Texas. The current complaint provides no basis for the Court to conclude that one-third of the proposed class are non-citizens of Texas.

The Fifth Circuit has held "that plaintiffs have the burden to show the applicability of the §§ 1332(d)(3)–(5) exceptions when jurisdiction turns on their application." *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546 (5th Cir. 2006). In the context of a motion to remand, it later adopted "the broader statement that 'once federal jurisdiction has been established under [CAFA], the objecting party bears the burden of proof as to the applicability of any express statutory exception under §§ 1332(d)(4)(A) and (B) [the local controversy and home state exceptions].'" *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 813 (5th Cir. 2007) (quoting *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007)). Whether the objecting party is one seeking remand, *id*. (placing burden on the defendant moving for remand); or one seeking dismissal, *Hollinger*, 654 F.3d at 571, the burden is on the party seeking to escape federal jurisdiction under the abstention exceptions. Either through a motion to remand or to dismiss, "the net result . . . is the same—the removal of the case from federal court on the theory that it is a 'local controversy' or 'home state' in nature." *Id*. at 570 n.6. The party with the burden of proof must "show, by a mere preponderance of the evidence, that the citizenship requirement is met," *Adams*, 958 F.3d at 1223. While this "should not be exceptionally difficult to bear," it "should be considered with the goal of CAFA in mind: to keep interstate actions in federal court and truly intrastate actions in the state courts." *Id*. (citations and internal quotation marks omitted).

When one side wants out of federal court, the assignment of the burden is straightforward and simple. But if both sides desire to proceed in federal court, such shared desire neither alters the mandatory declination nor removes the Court's discretion under § 1332(d)(3). Practically speaking, when the Court raises an abstention objection sua sponte, there may be no true need to assign the burden of proof. The sua sponte act of the Court places both sides on notice that the Court needs some evidence to remove the case from the specter of the mandatory and discretionary home state exception. Either side may provide the necessary evidence. Nevertheless, the party seeking the federal forum has the greater incentive to make the necessary showing. Thus, in the sua sponte context and considering the goal of CAFA, it is appropriate to place the burden generally with the party seeking the federal forum to show that the case escapes mandatory declination of jurisdiction as well as avoiding discretionary declination. But if either side makes the required showing, the Court may appropriately rely on the evidence presented regardless of which side provides the evidence. Interestingly, this consolidated action places the burden on Defendant to the extent it removed Case No. 5:23-CV-1463-JKP-ESC from state court and on Plaintiffs for the two cases filed here under original jurisdiction.

Defendant, as the removing party, also may have an additional burden regarding jurisdiction. As the United States points out in its Notice filed in Case No. 5:23-CV-1463-JKP-ESC, the removal under 42 U.S.C. § 233(*l*)(2) may have been improper given the asserted timely appearance of the United States in state court. At least one court agrees that, under similar facts, there was no federal question jurisdiction to justify the removal. *See Allen v. Christenberry*, 327 F.3d 1290, 1295-96 (11th Cir. 2003). In addition, the United States raises other jurisdictional concerns about the removal. Although Defendant has added CAFA into its amended notice of removal as a source of federal jurisdiction, it may be necessary to consider the jurisdictional matters raised by the United States should the Court decline jurisdiction through the home state exception.

For the above reasons, the Court hereby notifies the parties of the above-mentioned jurisdictional and abstention concerns. Consistent with the burden of proof discussed earlier, the parties shall show cause why the Court should not (1) decline jurisdiction under § 1332(d)(4)(B) or (2) exercise its discretion to decline jurisdiction under § 1332(d)(3). For the case removed from state court, Defendant shall show cause why the Court should not sever the case from the consolidated action and remand it to state court as argued by the United States. Defendant's response to the show cause should address all matters raised by the United States in its Notice filed in Case No. 5:23-CV-1463-JKP-ESC. Because a response may require the marshaling of evidence related to a large class, the parties shall make their show cause response **on or before December 20, 2024**. If any party or the United States wants to file a reply to a show cause response, such reply must be filed within fourteen days of the filing date of the show cause response. Until the Court resolves these jurisdictional matters, it has no need to address the pending motion to substitute (ECF No. 31). This case remains stayed as ordered by the Magistrate Judge. *See* Text Order Granting Mot. to Stay Case (ECF No. 34).

**IT IS SO ORDERED this 25th day of October 2024.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**